STATE, LEBBEUS B. WARD, PROSECUTOR, PLAINTIFF IN
ERROR, v. NICHOLAS B. BRIANT, COLLECTOR, &c., DE-
FENDANT IN ERROR.

There is no authority given by the charter of Morristown or its supple-
ments, nor by the act of 1848, (*Rev.*, p. 1149, *pl.* 56,) whereby the
common council can make an addition to an assessment, when the
person assessed does not appeal.

On error to the Supreme Court. At February Term, 1880,
the Supreme Court affirmed the action of the common council
of Morristown; no opinion was filed.

For the plaintiff in error, *T. Little.*

For the defendant in error, *Alfred Mills.*

The opinion of the court was delivered by

BEASLEY, CHIEF JUSTICE. The common council of
Morristown, acting as a court of appeal in matters of taxa-
tion, ordered an increase of the tax of the plaintiff in error
beyond the sum put upon his property by the assessor. This
action was taken on a notice of five days given to the
plaintiff.

I have been unable to find any warrant for this determina-
tion. It seems very clear that no authority for such a step
is to be found in the charter of this city. By the fifteenth
section of that instrument (*Pamph. L.* 1865), it is declared that
the sums directed by the inhabitants to be raised for annual
purposes, shall be assessed by the assessor agreeably to the
laws and regulations made by the common council, in the
same manner and upon the basis that township and county
taxes are by law assessed and collected; and it is then pro-
vided, in the language of the section, that " every person in
said town who may think him or herself aggrieved by any
fine, penalty, or assessment imposed on them, in virtue of

this act, may appeal to the common council, who are hereby required to hear his or her cause of complaint, and to do therein what may appear to them to be just and equitable."

It is obvious that, in these authorizations, there is no power embraced to raise, on a complaint in behalf of the city, the amount of the tax designated by the assessor. The consequence is, that if the power which is claimed in this case exists, we must look for it outside of these laws, by force of which the government of this city has been established.

For this purpose, the act of 1848 (*Rev.*, *p.* 1149, *pl.* 56,) has been appealed to, which is an authority to make addition, in certain cases, to assessments where persons have been assessed at too low a rate. But a careful inspection of this statutory provision will show that it does not apply, ordinarily, to the common council of cities. In terms, it is made applicable to " commissioners of appeals in cases of taxation." The act is a supplement to the general tax law, and when it speaks of " commissioners of appeals in cases of taxation," it plainly refers to that body of officers that is constituted, and so denominated, in the original law. It seems to me entirely out of the question, to stretch this designation so as to embrace the common council of Morristown, for neither the powers nor functions of these two official bodies are similar or equivalent.

Failing to find any capacity in the common council to take cognizance of the matter on which it adjudicated, I am compelled to conclude that the judgment in this case must be reversed.

*For affirmance* — None.

*For reversal* — THE CHIEF JUSTICE, DIXON, MAGIE, PARKER, REED VAN SYCKEL, CLEMENT, COLE, DODD, LATHROP—1(